HARRY GILLUM ET AL. *v.* M. A. CASE.

EJECTMENT.    *Bill of particulars of title.    Common source.    Code* 1880, § 2491.

Under § 2491 of the code of 1880, a bill of particulars of title, filed by a party in ejectment in compliance with the demand of his adversary, is more than a mere notice of the title proposed to be given in evidence ; it is an admission of record that the party claims under a chain of title set out therein. Therefore, if the bills of particulars of both plaintiff and defendant deraign from a common source, it is not necessary for the plaintiff to give evidence of title in that source.

FROM the chancery court of Jackson county.

HON. S. H. TERRAL, Judge.

Ejectment by appellants against appellee. The facts necessary to an understanding of the only point passed upon by the court are sufficiently stated in the opinion. Verdict and judgment for defendant. Motion for new trial overruled, and plaintiffs appeal.

*T. S. Ford* and *Robert Lowry*, for appellants.

The plaintiffs were not required to prove title beyond the common source, and the bill of particulars filed pursuant to plaintiffs' demand admits a common source of title. It was error for the court to refuse to instruct that the recitals in the bill of particulars were an admission of a common source of title. The bill of particulars was a part of the pleadings, and everything is admitted that is sufficiently pleaded. *Wood* v. *Melvin*, 4 Abb. (N. Y.) 438. A specification filed in pursuance of an order of the court becomes a part of the declaration, and may be treated as such in the pleading. *Benedict* v. *Swain*, 43 N. H. 34; Tidd's Practice, 537; 14 Johns. 329; 15 Ib. 222; Cow. 574; 7 Am. & Eng. Enycl. of Law, 84, and cases cited. The bill of particulars was required to be filed in response to the demand of the opposite party. Code 1880, § 2491. The defendant was estopped to deny any fact disclosed by this pleading. Bigelow on Estop., 689; Herman on Estop., 942; 8 Rich. (S. C.) 117.

In *Griffin* v. *Sheffield*, 38 Miss. 359, the defendant's bill of particulars was introduced in evidence by the plaintiff to prove that defendant claimed from a common source, and the case was affirmed on appeal. The office of the bill of particulars is to narrow the field of controversy, as well as to afford notice of the evidence to be introduced.

*C. H. Wood* and *Nugent & McWillie*, for appellee.

There is no evidence on either side to show that defendant claimed under the Gillums, and we insist that the bill of particulars was not evidence. The office of the bill was to inform plaintiffs of all the documentary evidence the defendant might chance to rely on at the trial, and while she could not introduce any not mentioned in it, she was not obliged to rely at the trial upon any part of it, and could stand mute until the plaintiffs had established their title.

Our reports are crowded with cases where the plaintiff was absolved from proof of title in the common source; but they were all cases where it was affirmatively shown in the proceedings, by posi-

tive evidence, that the defendant did claim under that source. No case can be shown where a bill of particulars was for this purpose treated as showing the defendant's claim. Its office is to confine the documentary evidence, not to relieve the party to whom it is furnished of anything necessary to establish his title.

The plea of not guilty put the plaintiff upon proof of his title. If the bill of particulars was evidence of any claim, it was evidence of either a good or a bad one. If of a good one, that made an end of plaintiffs' demand ; if of a bad one, imparting no title to defendant, the defect ought to be made manifest in some way, and the defendant is not ousted on a presumption in favor of a plaintiff in ejectment who has shown no title. The court can hardly treat the parties as claiming under a common source unless it also gives particulars to determine which party makes a proper claim by a showing as to the manner in which the several claims arise.

COOPER, J., delivered the opinion of the court.

By section 2491 of the code, in reference to actions of ejectment, it is provided that, " after issue joined in ejectment, either party may demand in writing, of the other, a bill of particulars of his claim or title to the premises in question, which bill shall include a short abstract of such documentary evidences of title as the party may intend to give in evidence on the trial . . . . and in default thereof no evidence of such title shall be given on the trial." The plaintiffs in this action made demand of the defendant for a bill of particulars of her title, in response to which such bill was filed in the cause. The defendant also demanded a bill of particulars of the plaintiffs' title, which was also furnished as required. The plaintiffs claim the premises sued for as heirs-at-law of Henry and Thomas Gillum. The bill of particulars furnished by the defendant showed that she claimed from the same parties, and also claimed under a tax-deed. On the trial the plaintiffs read in evidence the bill of particulars filed by the defendant, for the purpose of showing that both parties claimed under a common source of title, and, in effect, asked the court to instruct the jury that such evidence was sufficient to show that the defendant claimed

under a common source with the plaintiffs, and that, if the evidence showed that plaintiffs had the better title from such source, then they were entitled to recover, unless the evidence showed that the defendant had secured a title by adverse possession, or had title paramount under the tax-sale. This instruction the court refused to give, upon the ground, as we assume from the argument of counsel, that, notwithstanding the fact that defendant had filed the bill of particulars by which it was shown she claimed title under the common source, it was incumbent upon the plaintiffs to show a title in such source, the bill of particulars performing no function except to enable the defendant, if she should desire to do so, to introduce evidence of title as set forth in the bill.

In this the court erred. It is true the statute only declares that a failure to exhibit the bill of particulars when demanded shall preclude the party from giving evidence of title. But this does not control the effect of the bill when made and filed. It performs the office of pleadings, in that it informs the opposite party of the evidence he will be expected to produce, and is an admission of record that the party claims title under the chain of title therein referred to. Where such particulars inform the adversary that both parties claim under the common source, it is not incumbent upon him to show title in that source, since that is admitted. If, as the evidence for the plaintiffs tends to show, the lands in controversy descended to them as heirs-at-law of the Gillums (the common source of title), they are entitled to a judgment of recovery, unless the defendant gives some evidence of title from that source, or that they have title paramount thereto.

*The judgment is reversed and cause remanded.*